BETTY CROTTS FAGAN v. ARTHUR S. HAZZARD

No. 7718SC4

(Filed 19 October 1977)

1. **Trover and Conversion § 2— actual damages for conversion—failure of proof**

The trial court properly found that plaintiff failed to carry her burden of proving that she suffered actual damages because of defendant's conversion of the self-player portion of plaintiff's piano and that plaintiff was entitled only to nominal damages of one dollar.

2. **Trover and Conversion § 2— punitive damages—new trial**

Plaintiff is entitled to a new trial on the issue of punitive damages for defendant's conversion of the self-player portion of her piano where plaintiff's allegation that defendant's conduct was willful, wanton and malicious was established when defendant's answer was stricken because it was not timely filed, and the court's denial of punitive damages was based upon the improper premise that plaintiff had failed to carry her burden of proving that defendant's conduct was willful, wanton and malicious.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 1 September 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 27 September 1977.

In this action plaintiff seeks to recover actual and punitive damages for defendant's alleged conversion of certain parts from her Gulbransen player piano.

The case was tried initially in October 1975 at which time plaintiff was awarded $950 actual damages and $1,900 punitive damages. Defendant appealed and in an opinion reported in 29 N.C. App. 618, 225 S.E. 2d 640 (1976), this court remanded the case to the superior court for a new trial on the issues of actual and punitive damages. A summary of the allegations of the complaint, proceedings and evidence presented at the first trial is set forth in the opinion in the former appeal and will not be restated here.

Defendant failed to answer timely and the striking of his pleading was upheld on the former appeal. The second trial was without a jury and the parties presented evidence substantially as presented at the first trial. The trial court found facts and made the following conclusions of law and determination:

[1. That the plaintiff has failed to satisfy the Court by the greater weight of the evidence as to the value of the player portion but that on the pleadings filed in this case there was a conversion of the plaintiff's property and the plaintiff is entitled to nominal damages in the sum of one dollar.]

PLAINTIFF'S EXCEPTION NO. 1.

[2. That the plaintiff has failed to satisfy the Court by the greater weight of the evidence that the defendant's conversion of said player portion was willful or with actual malice, or that it was done in a wanton manner.]

PLAINTIFF'S EXCEPTION NO. 2.

THEREFORE, [IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover from the defendant the sum of one dollar together with the cost that may be taxed by the Clerk.]

PLAINTIFF'S EXCEPTION NO. 3.

Plaintiff appealed.

*Schoch, Schoch and Schoch, by Arch Schoch, Jr., for plaintiff appellant.*

*Stephen E. Lawing for defendant appellee.*

BRITT, Judge.

Plaintiff's assignments of error are based upon the three exceptions above noted. We think the court did not err in its first conclusion but that it did err in its second conclusion.

It will be noted that plaintiff excepted only to the conclusions of law and the judgment, and she has not raised in her brief the question whether the judgment is supported by the findings of fact and conclusions of law. That being true, the scope of our review is confined to the three exceptions noted. Rule 10, Rules of Appellate Procedure, 287 N.C. 671, 698-699 (1975).

[1]   With respect to plaintiff's first exception and the question of actual damages, clearly plaintiff had the burden of proving actual damages. 6 Strong's N.C. Index 3d, Evidence § 5. The evidence showed that plaintiff purchased the used piano in 1973 for $150. She attempted to show that while the piano would play manually without the self-player, that she had been damaged to the extent of approximately $1,000 by defendant's wrongful conversion of the self-player parts. Defendant's evidence tended to show that the self-player was not repairable and that the piano was just as valuable, if not more valuable, without the self-player unit as it was with it.

In its first "conclusion", the court, in effect, said that plaintiff had failed to carry her burden of proving actual damages, therefore, it determined that she had sustained no actual damage. Plaintiff's assignment as to the first conclusion of law is overruled.

[2]   We think plaintiff's assignment of error relating to the second conclusion of law has merit. In her complaint, she alleged that defendant's conversion of the self-player parts was willful, wanton and malicious. "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." G.S. 1A-1, Rule 8(d). When defendant's answer was stricken, plaintiff's contention that defendant's conduct was

willful, wanton and malicious was established and the trial court erred in finding or concluding otherwise.

Even so, whether punitive damages should be awarded rests in the discretion of the jury, or in the discretion of the court if jury trial is waived. 5 Strong's N.C. Index 3d, Damages § 17.7. While the awarding of punitive damages in the instant case was solely in the discretion of the trial judge, he based his denial upon an improper premise.

Inasmuch as the court's second conclusion of law is erroneous, plaintiff is entitled to a new trial on the issue of punitive damages only. With respect to the question of actual damages, the judgment appealed from is affirmed, but with respect to the question of punitive damages, the judgment is vacated.

Affirmed in part, reversed in part and cause remanded.

Judges HEDRICK and MARTIN concur.